## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**FILED - GR**

March 25, 2015 10:17 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ ald /_____   SCANNED BY: ꟼ⅃Ꝃ

Seth Miller

    *Plaintiff*

-v-

Midland Credit Management, Inc

    *Defendant*

CASE# 1: 2015-cv-00298

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Seth Miller, hereby sues Defendant, Midland Credit Management, Inc (MCM, Inc) for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).  Fair Debt Collection Practices act (FDCPA) 15 USC §1692e. Michigan Occupational Code 339.915(e).

## PRELIMINARY STATEMENT

1.      This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).  Fair Debt Collection Practices act (FDCPA) 15 USC §1692e, Michigan Occupational Code 339.915(e).

2. Plaintiff contends that the Defendant, Midland Credit Management, Inc have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

### JURISDICTION AND VENUE

3.   The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. *§1367*.

4.   Venue is proper pursuant to 28 U.S.C. *§1391b*. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

### PARTIES

5.   Plaintiff, Seth Miller, is a natural person and is a resident of the State of Michigan.

6. Upon information and belief Defendant, Midland Credit Management, Inc  is a Foreign Corporation, authorized to do business in Michigan.

### *GENERAL ALLEGATIONS*

7.   Defendant placed constant and continuous calls to Plaintiff of an alleged debt.

8. Defendant placed collection calls to Plaintiff's cell phone number 616-773-8830 from telephone number 877-822-9054.

9.   From January 12th 2015 thru January 25th 2015, Midland Credit Management, Inc called Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

10.  The calls made by Midland were made with an automatic dialing system (ATDS) to Plaintiff's wireless phone.

11. Midland made the calls to Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

12. The calls made to Plaintiff's wireless phone was not for an emergency purpose and was made without the express consent of the Plaintiff having given at any time.

13. The Plaintiff has never had any business with Midland at any time.

14. The Plaintiff attempted to mitigate damages in this matter by sending a notice of intend to litigate to the Defendant before commencing legal action and Defendant failed to respond.

## COUNT I
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC

15. Plaintiff alleges and incorporates the information in paragraphs 1 through 14.

16. Defendant Midland Credit Management, Inc  has committed 6 separate violations of 47 U.S.C. §227(b) (1) (A) and Plaintiff is entitled to damages of $500 for the first call and $1500 for each additional call pursuant to 47 U.S.C. §227(b) (3) (B).

17. Plaintiff and Midland Credit Management, Inc do not have an established business relationship within the meaning of 47 U.S.C. §227.


**WHEREFORE,** Plaintiff demands judgment in the amount of $8,000 against Midland Credit Management, Inc for actual or statutory damages.


## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692(e) BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC

18.    Plaintiff alleges and incorporates the information in paragraphs 1 through 17.

19.    Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C §1692a (3).

20.    Defendant Midland Credit Management, Inc is a Debt Collector within the meaning of the FDCPA 15 U.S.C. §1692a (6).

21.    Midland Credit Management, Inc violated 15 U.S.C. §1692(e)  Any other false, deceptive, or misleading representation or means in connection with the debt collection.

**WHEREFORE,**  Plaintiff demands judgment against Midland Credit Management, Inc in the amount of $1000 for actual or statutory damages pursuant to 15 U.S.C §1692k.

**COUNT III**
**VOILATIONS OF THE MICHIGAN OCCUPATIONAL CODE**
**339.901 et seq.**
**BY DEFENDANT MIDLAND CREDIT MANAGEMENT,INC**

22.    Plaintiff alleges and incorporates the information in paragraphs 1 through 21.

23.    Plaintiff is a consumer within the meaning of 339.901(f).

24.    Defendant Midland Credit Management, Inc is a Collection agency within the meaning of 339.901(b).

25.    Midland Credit Management, Inc violated 339.915(e)  Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

**WHEREFORE**, Plaintiff demands judgment against Midland Credit Management, Inc

for actual or statutory damages pursuant to 339.916(2).

Respectfully submitted this day 23 of March , 2015

Seth Miller
3821 Vail Ave.N.W.
Grand Rapids, MI 49544
616-773-8830
Millersg@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **PLAINTIFF'S FIRST AMENDED COMPLAINT**

was mailed USPS to the clerk of the United States District Court, Western District of

Michigan on March 23, 2015, and mailed USPS Certified to the Parties below.

Theodore J. Greeley
Dykema Gossett PLLC
201 Townsend Street, Ste. 900
Lansing, MI 48933

Respectfully Submitted

Seth Miller
3821 Vail Ave N.W.
Grand Rapids, MI 49544
616-773-8830
Millersg@outlook.com